**NOTE COURT'S CHANGE ON PAGE 9**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERSELL V. REID, | Case No. 2:16-CV-00803 ODW (MRWx) |
| Plaintiff, | |
| v. | [~~PROPOSED~~] **PROTECTIVE ORDER RE CONFIDENTIAL DOCUMENTS** |
| CITY OF GARDENA; GARDENA POLICE DEPARTMENT, CHIEF OF POLICE EDWARD MEDRANO, OFFICER JACKSON and DOES 1 through 10, | *[The Hon. Otis D. Wright, II, Magistrate Judge Michael R. Wilner]* |
| Defendant. | |

PURSUANT TO THE STIPULATION OF THE PARTIES ("Joint Stipulation for Entry of Protective Order re Confidential Documents") Good Cause appearing therefore, and in furtherance of the interests of justice,

IT IS HEREBY ORDERED that:

## TERMS, CONDITIONS, AND REQUIREMENTS OF THE PROTECTIVE ORDER

1.      For the purpose of this Protective Order "CONFIDENTIAL DOCUMENTS" shall be defined as: All documents produced by GARDENA POLICE DEPARTMENT in response to any Request for Production of Documents by plaintiff, pertaining to:

    a.  Personally identifying information of any third party witnesses

1

1    and/or victims; and

2    b.  Any documents pertaining to any police officers' confidential

3        personnel files[1] and/or any documents or information derived

4        therefrom.

5    2.   For the purpose of this Protective Order the following additional

6  definitions shall apply:

7        a.  Challenging Party:  a Party or Non-Party that challenges the

8            designation of information or items under this Order.

9        b.  Designating Party:  a Party or Non-Party that designates information

10           or items that it produces in disclosures or in responses to discovery

11           as "CONFIDENTIAL."

12       c.  Disclosure or Discovery Material:  all items or information,

13           regardless of the medium or manner in which it is generated, stored,

14           or maintained (including, among other things, testimony, transcripts,

15           and tangible things), that are produced or generated in disclosures or

16           responses to discovery in this matter.

17       d.  Expert:  a person with specialized knowledge or experience in a

18           matter pertinent to the litigation who has been retained by a Party or

19           its counsel to serve as an expert witness or as a consultant in this

20           action.

21       e.  Party:  any party to this action, including all of its officers, directors,

22           employees, consultants, retained experts, and Outside Counsel of

23           Record (and their support staffs).

24       f.  Producing Party:  a Party or Non-Party that produces Disclosure or

25           Discovery Material in this action.

26

27  [1] Confidential Personnel File includes but is not limited to citizen complaints, internal investigations, training records, disciplinary records, personal identifying information, job applications, and applications testing results.

28

g.  <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. The identification of categories of documents that are considered to be "CONFIDENTIAL DOCUMENTS", *supra*, is not to be interpreted as an agreement that such documents will be produced by GARDENA POLICE DEPARTMENT or as a waiver of any applicable objections that GARDENA POLICE DEPARTMENT may raise in regard to production of Discovery Materials, which may fall within these categories of documents.

4. Documents produced by GARDENA POLICE DEPARTMENT, and any documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS," shall be used solely for purposes of this litigation and may not be used for any other purpose whatsoever, including but not limited to the purpose of dissemination to the media or public, or in connection with any other litigation or proceedings.

5. All documents produced by GARDENA POLICE DEPARTMENT, and any documents or information derived therefrom, considered to be "CONFIDENTIAL DOCUMENTS" shall be viewed and/or disclosed only as necessary in this matter and only to the following persons under the following conditions:

a. Plaintiff's and defendants' attorney(s);

b. Plaintiff's and defendants' attorneys' staff;

c. Experts, under the condition that no disclosure to Experts shall occur until <u>after</u> the Expert has signed a copy of the declaration attached hereto as Exhibit "A" under penalty of perjury indicating the Expert will abide by the protective order, the Expert's signed declaration has been served on counsel for the Opposing Party, <u>and</u> the Expert's signed declaration has been filed with the Court; and,

d. The Court, under the condition that no "CONFIDENTIAL

1    DOCUMENTS" or information derived therefrom, shall be

2    disclosed *publically* to the Court.  Any disclosure to the Court shall

3    be *in camera*, absent a prior written stipulation with opposing

4    counsel and pursuant to Court order.

5    6.    The designation of Discovery Material as "CONFIDENTIAL

6    DOCUMENTS" shall be so designated by affixing the legend, as appropriate, of

7    "CONFIDENTIAL DOCUMENTS" to each page containing any confidential

8    Discovery Material without obscuring in anyway the information contained therein.

9    Affixing the appropriate legends on the cover of any multipage document which is

10   bound, stapled, or otherwise securely attached shall designate all pages of the

11   document as confidential and subject to this Protective Order unless otherwise

12   indicated by the Producing Party.  If "CONFIDENTIAL DOCUMENTS" are

13   produced electronically (i.e. on a CD, flash drive, external hard drive, or in any

14   other electronic format); the designation of Discovery Material as

15   "CONFIDENTIAL DOCUMENTS" shall be so designated by affixing a label

16   indicating that the materials contained within are "CONFIDENTIAL

17   DOCUMENTS".

18   7.    If the Producing Party inadvertently produces Discovery Material that it

19   considers to be "CONFIDENTIAL DOCUMENTS"  without such designation, the

20   Producing Party may subsequently designate such Discovery Material as

21   "CONFIDENTIAL DOCUMENTS" by delivering written notice of such

22   designation to the other parties within a reasonable period after becoming aware of

23   the inadvertent failure to designate such Discovery Material, with the effect that

24   such Discovery Material will thereafter be subject to the protections afforded by this

25   Protective Order.  The initial failure to designate information in accordance with this

26   Protective Order shall not be deemed a waiver of confidentiality.

27   8.    Court Filings – No disclosure of any "CONFIDENTIAL

28   DOCUMENTS" or any documents or information derived therefrom, shall be filed

4

with the Court without a prior Court order.  If the Court grants a party permission to file "CONFIDENTIAL DOCUMENTS" under seal with the Court, the parties shall meet and confer as to the filing of a duplicate copy of the document in order to identify any  non-confidential information that may be filed and made part of the public record.  Such duplicate documents containing non-confidential information shall be titled to show that it corresponds to an item filed under seal (i.e., "Redacted Copy of Sealed Declaration of John Smith in Support of Motion for Summary Judgment").  The sealed and redacted documents shall be filed simultaneously.

9.     Court/Trial Exhibits – No disclosure of any "CONFIDENTIAL DOCUMENTS"  or any documents or information derived therefrom, shall be given to any juror to review, used for any purpose during trial, or introduced into evidence without prior written stipulation with opposing counsel and pursuant to Court Order. In the event that any "CONFIDENTIAL DOCUMENTS" Discovery Material is allowed by the Court to be used in any court proceeding in this action, it shall not lose its status as "CONFIDENTIAL DOCUMENTS"  Discovery Material through such use.  Counsel shall confer on such procedures as are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any such court proceedings with Court permission.

10.    If any third party serves a subpoena or other process or request seeking to review any information designated as "CONFIDENTIAL DOCUMENTS" the party to whom the demand is made (the "Recipient") shall inform the Producing Party's counsel immediately in writing and shall not permit inspection by or production to any third party on the grounds of the existence of this Protective Order unless otherwise ordered by a court.  Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to challenge or appeal any order requiring production of "CONFIDENTIAL DOCUMENTS"  Discovery Material covered by this Order, or to subject himself, herself, or itself to any penalties for non-compliance with any legal process or order.

11.    Nothing in this Protective Order shall bar or otherwise restrict counsel for any party from rendering advice to their clients with respect to this action and, in the course thereof, from relying upon the examination of "CONFIDENTIAL DOCUMENTS" Discovery Material; provided, however, that in rendering such advice, and in otherwise communicating with their clients, counsel shall not disclose the contents of "CONFIDENTIAL DOCUMENTS" Discovery Material except in accordance with the terms of this Order.

12.    This Order shall survive the final termination of this action and the Court shall retain jurisdiction to resolve any dispute concerning the use of the information disclosed hereunder.

13.    Within sixty (60) calendar days after the conclusion of this action in its entirety (including expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), the Producing Party may request all parties and persons having received "CONFIDENTIAL DOCUMENTS" dispose of all material either by:

a.  Returning such material to counsel for the Producing Party; or

b.  Destroying such material in a manner that ensures that it will not be disclosed to or disseminated or recovered by any person.

Upon request, the parties, their counsel, and any Experts shall separately provide written certification to any Producing Party making the request that such disposal has been completed.

14.    Counsel for the parties shall be entitled to retain all court papers, disposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze "CONFIDENTIAL DOCUMENTS" Discovery Material, provided that such counsel and employees of such counsel shall continue to comply with all the terms of this Protective Order unless, after reasonable prior notice to the Producing Party, the disclosing counsel has obtained permission pursuant to court order or by

MANNING&KASS
ELLROD, RAMIREZ, TRESTER LLP
Attorneys at Law

1 agreement of the Producing Party.

2 This agreement shall be binding upon and for the benefit of the undersigned parties,

3 the parties counsel, their successors and assigns.

4       15.    If a party is served with a subpoena or a court order issued in other

5 litigation that compels disclosure of any information or items designated in this

6 action as "CONFIDENTIAL DOCUMENTS," that Party must:

7          a.  Promptly notify in writing the designating party; such notification

8             shall include a copy of the subpoena or court order at issue;

9          b.  Promptly notify in writing the party who issued the subpoena or

10             sought the court order that some or all of the material covered by the

11             subpoena or order is subject to this Protective Order; such

12             notification shall include a copy of this Protective Order; and

13          c.  Cooperate with respect to all reasonable procedures sought to be

14             pursued by the Designating Party whose Protected Material may be

15             affected.

16       If the designating party timely seeks a protective order, the party served with

17 the subpoena or court order shall not produce any information designated in this

18 action as "CONFIDENTIAL MATERIAL" before a determination by the court from

19 which the subpoena or order was issued, unless the Party has obtained the

20 designating party's permission. The designating party shall bear the burden and

21 expense of seeking protection in that court of its confidential material – and nothing

22 in these provisions should be construed as authorizing or encouraging a receiving

23 party in this action to disobey a lawful directive from another court.

24       16.    The defendants contend that some documents are of a nature that if

25 they were disseminated or otherwise available to the public before the trial in this

26 matter, they may potentially prejudice a jury pool. The parties agree that neither

27 party shall seek to publish any of the documents listed below to the press, or mass or

28 social media before the conclusion of the trial or other final resolution in this matter.

1    The following categories of documents will not be disclosed through the

2    press, or mass or social media prior to the completion of the trial but they will not be

3    subject to any other protections under this Protective Order. This material is NOT

4    considered protected material.  If these documents or electronic information are

5    attached to a summary judgment motion or responsive document this shall not give

6    counsel (or any person, identified in ¶5, *supra*, who has access to the documents or

7    electronic information) the right to release these documents or electronic

8    information to the general public or the media, before trial or other final resolution

9    of this matter.

10   These documents include:

11       a.  Audio recordings related to the incident; and

12       b.  Video recordings related to the incident.

13   **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14   1.    Timing of Challenges.  Any Party or Non-Party may challenge a

15   designation of confidentiality at any time. Unless a prompt challenge to a

16   Designating Party's confidentiality designation is necessary to avoid foreseeable,

17   substantial unfairness, unnecessary economic burdens, or a significant disruption or

18   delay of the litigation, a Party does not waive its right to challenge a confidentiality

19   designation by electing not to mount a challenge promptly after the original

20   designation is disclosed.

21   2.    Meet and Confer.  The Challenging Party shall initiate the dispute

22   resolution process by providing written notice of each designation it is challenging

23   and describing the basis for each challenge. To avoid ambiguity as to whether a

24   challenge has been made, the written notice must recite that the challenge to

25   confidentiality is being made in accordance with this specific paragraph of the

26   Protective Order. The parties shall attempt to resolve each challenge in good faith

27   and must begin the process by conferring directly (in voice to voice dialogue; other

28   forms of communication are not sufficient) within 14 days of the date of service of

notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

3. Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality **that complies with the joint filing requirements of Local Rule 37** (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

4. The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other

9

1  parties) may expose the Challenging Party to sanctions. Unless the Designating

2  Party has waived the confidentiality designation by failing to file a motion to retain

3  confidentiality as described above, all parties shall continue to afford the material in

4  question the level of protection to which it is entitled under the Producing Party's

5  designation until the court rules on the challenge.

6  **IT IS SO ORDERED.**

7

8  Dated: June 28, 2016

_____

**UNITED STATES MAGISTRATE JUDGE**

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28